*1165 1 RECONSIDERATION GRANTED. The district court’s ruling denying post-conviction relief is vacated and the matter is remanded to the district court for an evidentiary hearing to determine whether exclusion of the grand jury testimony at trial, which the state disclosed before trial pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), impeded relator’s fundamental right to present a defense and whether trial counsel rendered ineffective assistance with regard to litigating the admissibility of this evidence and demonstrating its importance to the defense. Notwithstanding that the Fourth Circuit on direct review found no error in the trial court’s ruling excluding the grand jury testimony, see State v. Galle, 11-0930 (La.App. 4 Cir. 2/13/13), 107 So.3d 916, writ denied, 13-0752 (La. 10/30/13), 124 So.3d 1102, and the procedural bar against repetitive claims, the interest of justice requires revisiting these issues in a case in which relator’s defense was that the state’s sole eyewitness misidentified him and the state parted the usual cloak of secrecy which surrounds grand jury proceedings to disclose the testimony at issue because it directly contradicted that eyewitness account. See La. C.Cr.P. art. 930.4(A); see also State v. Galle, supra (Lombard, J., dissenting); see generally Stewart v. Wolfenbarger, 468 F.3d 338, 357 6th Cir. 2006, as amended on denial of reh’g and rek’g en banc (Feb. 15, 2007) (finding prejudice as a result of the exclusion from trial of exculpatory evidence that “went to the very heart of Petitioner’s defense.”).
GUIDRY, J., would deny.
CLARK, J., dissents and would deny the Petitioner’s request for reconsideration.
CRICHTON, J., would deny.